# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:00-CR-00034-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID GLENN GREEN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se "Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(3)(d) Fraud On The Court and Fed.R.Civ.P. 60(b)(6) (Doc. 135) and pro se "Motion That Judge Richard L. Voorhees Recuse Himself from This Case" (Doc. 137).

On August 8, 2000, Defendant was indicted for the robbery of First Citizens Bank in Lincolnton, North Carolina, on June 5, 2000, and of Bank of America in Stanley, North Caorlina, on July 24, 2000, in violation of 18 U.S.C. §§ 2113(a), (b) and 924(c). The Government superseded the Indictment twice, adding and amending various counts, and on July 10, 2001, filed a notice that it would seek the mandatory sentence of life imprisonment pursuant to 18 U.S.C. § 3559(c).

Defendant's first trial in July 2001 ended in a mistrial. At his second trial, he was found guilty by jury verdict of all counts of the Indictment. At his sentencing hearing on December 16, 2002, this Court advised Defendant that it then owned 100 shares of stock in Bank of America, to whom restitution was required to be ordered at sentencing. Although this Court did not recuse

1

itself, Defendant was given the option of being sentenced by a different judge who did not own any Bank of America stock. Defendant chose that option, and a number of matters were referred to Judges Lacy H. Thornburg and Graham C. Mullen for decision.

In an Order denying Defendant's Motion for a New Trial, Judge Thornburg, primarily citing to *United States v. Sellers*, 566 F.2d 884, 886–87 (4th Cir. 1977), noted that a trial judge's ownership of stock in a bank, particularly when ownership is proportionately minuscule, should not prevent that judge from conducting the trial of a person charged with robbing that bank because the bank is not a party and any interest that judge might have is "so remote as to be for all practical purposes non-existent." (Doc. 97 at 2–3.) Accordingly, ownership of 100 shares of Bank of America stock in this case would not merit recusal. In any event, the Court no longer owns stock in Bank of America or First Citizens Bank. Therefore, Defendant's Motion for Recusal shall be denied.

As regards Defendant's Motion for Relief, Defendant is improperly attempting to bring this Motion pursuant to the Federal Rules of *Civil* Procedure, which are inapplicable to a criminal matter. Furthermore, the Court has entertained and Defendant has exhausted his post-trial appeals.[1] Therefore, Defendant's Motion for Relief Pursuant to Rule 60 shall be denied.

---

[1] Defendant first presents what is essentially a renewed ineffective-assistance-of-counsel claim (Doc. 135 at 5–12), a matter generally appropriate for decision only upon a collateral attack. Furthermore, he cites as deceptive and as the basis for a new trial simply defense counsel's request for funds (Doc. 34) (requesting at least $3,000 to retain an investigator—Mr. Philip McGuire—at the rate of $65.00 per hour), which was only partly granted by the Court (Doc. 36) (authorizing up to $1,000 to be spent on the services of an investigator who will charge no more than $45.00 per hour and instructing that the investigator not be asked to perform routine tasks counsel or his secretary could and should perform themselves). Accordingly, it appears that defense counsel did not contract with Mr. McGuire. (Doc. 135-3.)

Defendant further argues without offering any evidence that the jury was not fair and impartial because a juror in his case is related to one of the Government's witnesses. (Defendant

**IT IS, THEREFORE, ORDERED** that Defendant Green's Motion for Recusal (Doc. 137) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60 (Doc. 135) be **DENIED**.

Signed: October 15, 2012

Richard L. Voorhees
United States District Judge

---

notes only that the individuals at issue share a surname.) Regardless of the merits of this claim, this Court is not authorized to consider a second or successive application for relief under 28 U.S.C. § 2255. (Doc. 136.)