**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:00-CR-00034-RLV**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID GLENN GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Green's pro se Motion for Reconsideration (Doc. 140) of the Court's prior Order (Doc. 139) denying Defendant's "Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(3)(d) Fraud On The Court and Fed.R.Civ.P. 60(b)(6)" (Doc. 135) and "Motion That Judge Richard L. Voorhees Recuse Himself from This Case" (Doc. 137).

Although motions to reconsider are not expressly provided for by the Federal Rules of Criminal Procedure, courts have recognized that litigants may properly file them and judges may properly rule upon them. *See, e.g.*, *United States v. Dieter*, 429 U.S. 6, 8 n.3 (1976) (referring to treatment of motions to reconsider in criminal cases as a "traditional and virtually unquestioned practice"). In addressing such motions, courts, by analogy, are guided by the standards established by the civil rules. "Where the motion[ to reconsider] is nothing more than a request that the district court change its mind, however, it is not authorized . . . ." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). The Motion here at issue is just such a motion and is therefore unauthorized. Moreover, the Motion does not successfully identify any mistake;

1

adequate, new evidence; or change in controlling law that would justify amending a prior Order in this case.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reconsideration (Doc. 140) be **DENIED**.

Signed: December 14, 2012

Richard L. Voorhees
United States District Judge